**Michael Dewayne MITCHELL, Appellant,**

v.

**The STATE of Texas.**

No. 1205–97

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1998.

William Bill Ray, Fort Worth, for appellant.

John A. Stride, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which McCORMICK, P.J., and BAIRD, MANSFIELD, KELLER, PRICE, HOLLAND, and WOMACK, J.J., join.

A jury convicted Appellant of murder and assessed punishment at life confinement and a $10,000 fine. On appeal, Appellant contended the trial court erred in admitting extraneous offenses during the punishment phase of trial because the State's compliance with his notice request was untimely. The Court of Appeals agreed, reversed the judgment, and remanded the case to the trial court for a new punishment hearing. *Mitchell v. State*, 948 S.W.2d 62 (Tex.App.—Fort Worth 1997). We granted review to consider whether a motion requesting the court to order the State to provide notice of intent to offer evidence of extraneous offenses is sufficient to trigger the notice requirements of Article 37.07, § 3(g) of the Texas Code of Criminal Procedure. Approximately one year prior to trial, Appellant filed a document titled "Motion to Give Notice of Extraneous Acts Under Art. 37.07, Code of Criminal Procedure." The motion filed by Appellant "requests the Court to order the State," and "prays that the Court grant the preceding request." Appellant attached a proposed order to the motion. In paragraph III of the motion, Appellant specifically pled "request is made to the State of Texas and its agents, to issue a written confirmation of compliance or non-compliance with the reasons stated therein within thirty days from the date of the file stamp affixed to this motion." The attached certificate of service indicated the district attorney's office had been served with the motion.

On the day voir dire began, Appellant presented the motion to the trial court; at that time the court granted the motion and the State provided notice. Appellant objected

that the State's compliance was untimely. The trial court found the State's notice was "reasonable under the circumstances," and admitted evidence of a number of extraneous offenses against Appellant during the punishment phase.

On appeal, Appellant argued that the delivery of his "Motion to Give Notice of Extraneous Acts Under Art. 37.07, Code of Criminal Procedure" constituted a proper request for notification, pursuant to Article 37.07, § 3(g). Examining *Espinosa v. State*, 853 S.W.2d 36 (Tex.Crim.App.1993); *President v. State*, 926 S.W.2d 805 (Tex.App.—Austin 1996, pet. ref'd); and *Harrison v. State*, 929 S.W.2d 80 (Tex.App.—Eastland 1996, pet. ref'd), the Second Court of Appeals reversed. Acknowledging that "it is true that this section 3(g) motion was directed to the court for action," the court nevertheless maintained, "[the motion] also contained a specific request to the State for confirmation of compliance with article 37.07, section 3(g)." *Mitchell*, 948 S.W.2d at 68. The court concluded "this request constituted compliance with section 3(g)" and that this request by Appellant sets this case apart from *President, Harrison,* and *Espinosa. Ibid.* The court held Appellant's request was both adequate and timely and that the State's response, coming after completion of voir dire, was untimely, as reasonable notice must be given in advance of trial. *Ibid.*

This Court has previously addressed the topic of requests for notice of intent to offer extraneous offense evidence imbedded in motions to the trial court. In *Espinosa* the defendant filed a discovery motion requesting the trial court to order the State to produce notice of extraneous offenses which the State intended to raise during the trial, in accordance with Rule 404(b) of the Rules of Criminal Evidence.[1] *Espinosa*, 853 S.W.2d at 38. The motion was properly filed

---

1. Section 3(g) of Article 37.07, like Rule 404(b), addresses the admissibility of extraneous offense evidence. Unlike Rule 404(b), Section 3 of Article 37.07 deals exclusively with the admissibility of extraneous offense evidence at the punishment phase of trial. It provides, in relevant part:

   On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by

   Rule 404(b), Texas Rules of Criminal Evidence.... The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

   Article 37.07, § 3(g). *Espinosa* and *Simpson* are thus instructive on the request for notice issue.

and a copy served on the State, but the record did not show the trial court ever ruled on it. This Court noted that under Rule 404(b) of the Rules of Criminal Evidence,[2] the State's duty to provide "reasonable notice" of intent to introduce certain extraneous offenses is only triggered by a "timely request" by the accused. We observed that a discovery motion requests the trial court's action, namely an order from the court directing the State to produce evidence. *Ibid.* Ultimately we held that a discovery motion is therefore not effective until the trial court rules on it: "when a defendant relies on a motion for discovery to request notice pursuant to Rule 404(b), it is incumbent upon him to secure a ruling on his motion in order to trigger the notice requirements of that rule." *Id.* at 39.

Recently we reaffirmed that holding in *Simpson v. State*, No. 1277–97 slip op., —— S.W.2d ——, 1998 WL 615577 (Tex.Crim. App.Sept.16, 1998). In *Simpson*, the appellant filed a motion titled "Defendant's Motion For An Order To Require The State To Disclose The Prior Acts Of Misconduct." That motion provided, in relevant part:

> Defendant further requests notice of other crimes, wrongs, or acts believed by the State to be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, or some other theory related to Rule 404(b) of the Texas Rules of Criminal Evidence. Reasonable notice of intent to offer such other crimes, wrongs or acts must be given in advance of trial when requested by Defendant, and we make such request at this time. Tex.R.Crim. Evid. 404(b).

*Simpson*, slip op. at ——, at ——. The appellant contended that the quoted portion of his motion was, in substance, a request for the State to give the requisite notice. Citing *Espinosa*, we disagreed and held "Appellant's document is simply a motion, not a

self-executing request, for notice. Because Appellant did not obtain a ruling on his motion, the notice requirements were not triggered." *Id.* at ——, at ——.

■ In the present case, Appellant's motion contained specific language requesting the State to issue a written confirmation of compliance or non-compliance. The Court of Appeals read this as a request for the State to give notice pursuant to Section 3(g) of Article 37.07. We decline to do so.

■ Pursuant to our recognition in *Espinosa* and *Simpson* of the distinction between a request for action addressed to the trial court and a request for action addressed to the State, we hold that when a document seeks trial court action, it cannot also serve as a request for notice triggering the State's duty under Article 37.07, § 3(g).[3] To hold otherwise would encourage gamesmanship. The opposite rule could encourage defendants to bury requests in voluminous motions, hoping the State would either overlook it or believe it the request to be contingent on a court order. An ad hoc approach would encourage gamesmanship on the part of both parties. We do not ascribe such motives to counsel in the present case, but we recognize the potential for abuse. Stated another way, when a document asks the trial court to enter an order and it also asks the State to provide notice, the document is insufficient to trigger the duty to provide notice under Art. 37.07, § 3(g).

As such, the State provided timely notice when ordered to do so by the trial court pursuant to Appellant's request for the order.

The judgment of the Court of Appeals is reversed and this case is remanded to that court.

BAIRD, J., filed a concurring opinion.

OVERSTREET, J., dissents without opinion.

---

2. Rule of Evidence 404(b) now reads, in relevant part: "Evidence of other crimes, wrongs or acts ... may ... be admissible ... provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence[.]"

3. We also note that Section 3(g) of Article 37.07 specifies that the defendant's request must be made "to the attorney representing the state."

BAIRD, Judge, concurring.

The majority correctly concludes the instant case is governed by *Espinosa v. State*, 853 S.W.2d 36 (Tex.Cr.App.1993). In *Espinosa*, I wrote a separate concurring opinion stating:

> To make an adequate request under [Tex.R.Crim. Evid.] 404(b) the better practice is for the defendant to file a document entitled 'Rule 404(b) Request for Notice of Intent to Offer Extraneous Conduct' and to timely serve the State with a copy of the request. In this situation, the defendant is not required to obtain a ruling from the trial judge....

*Espinosa*, 853 S.W.2d at 39. Such a document need only be filed because a Rule 404(b) request "need not be acted on by the trial court before the State is obligated to comply." *Id.*, 853 S.W.2d at 38.

Nevertheless, we continue to see cases where defense counsel has made the request in the form of a motion which requires some action by the trial judge. Such a motion obviates the need for the State to disclose 404(b) material until some judicial action is taken. Consequently, when defense counsel resorts to a motion to invoke Rule 404(b), no complaint will be heard when counsel failed to obtain the judicial action he imposed upon himself. *Espinosa* 853 S.W.2d at 39.

With these comments, I join the majority opinion.