Affirmed and Opinion filed July 3, 2002









Affirmed
and Opinion filed July 3, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-01-00953-CR

          
14-01-00954-CR

          
14-01-00955-CR

____________

 

JOE LUIS OLIVO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 179th District Court 

Harris County, Texas

Trial
Court Cause Nos. 825,288; 94-29456; 825,271

 



 

O
P I N I O N

Appellant,
Joe Luis Olivo, was convicted of the felony offenses
of possession of marijuana and aggravated robbery.  In this appeal, appellant claims the State
improperly offered evidence of an extraneous aggravated robbery during the
punishment phase of trial. Appellant contends this violated his plea agreement
and that the trial court erred in admitting such evidence, in refusing to allow
appellant to withdraw his plea, and in denying appellant=s
motion for new trial.  We affirm.  








Background
and Procedural History

Appellant
was charged with committing two unrelated aggravated robberies.  Claiming appellant violated the terms and
conditions of his probation, the State also moved to adjudicate appellant=s
guilt for a 1994 charge of felony possession of marijuana.  Appellant pled guilty to the two aggravated
robbery offenses and pled true to the motion to adjudicate.  Following a punishment hearing, the trial
court  assessed punishment at thirty
years=
confinement and a fine of $30,000 in both aggravated robbery cases. The trial
court also revoked appellant=s probation, found appellant guilty of the felony offense of
possession of marijuana, and assessed punishment at ten years=
confinement and a $1,000 fine.  Appellant=s
motion for new trial was denied by the trial court and this appeal
followed.   

Evidence
of Extraneous Offense

In
his first point of error, appellant claims the trial court erred in allowing
the State to offer evidence, during the punishment phase of trial, of an
extraneous aggravated robbery offense without having provided prior notice to
appellant.  We review a trial court=s
decision to admit extraneous offense evidence under the abuse of discretion
standard.  See Mitchell v. State,
931 S.W.2d 950, 953 (Tex.
Crim. App.
1996).








The
State is only required to give notice that an extraneous offense will be
offered during the punishment phase of trial if the defendant makes a timely
request for notice.  See Tex. Code Crim. Proc. Ann. art. 37.07, '
3(g) (Vernon Supp. 2002).  The record
indicates appellant filed a discovery order, but contrary to appellant=s
claim, the record does not show that appellant ever requested that the State
provide notice of the extraneous offenses the State intended to offer against
appellant at the punishment stage of the trial. 
Appellant has not shown that the State was required to provide
notice.  Id; see Mitchell v.
State, 982 S.W.2d 425, 427 (Tex. Crim. App.
1998) (holding when a document is filed with the trial court, even for the
specific purpose of requiring the State to provide notice of intent to offer
extraneous offenses, it cannot serve as a request for notice triggering the
State=s
duty under article 37.07(3)(g)). 

In
addition, the Aextraneous offense@ evidence came about in the form of a follow-up
cross-examination question to appellant after he admitted having committed
aggravated robberies.[1]  The State is not required to give notice of
its intent to introduce extraneous offenses when they are elicited on
cross-examination.  See Franklin v.
State, 986 S.W.2d 349, 357-58 (Tex. App.CTexarkana 1999), rev=d on other grounds,
12 S.W.3d 473 (Tex. Crim. App. 2000).  Accordingly, we do not find the trial court
abused its discretion and appellant=s first point of error is overruled.

Plea
Agreement 

Appellant=s
remaining points of error allege the State=s cross-examination regarding the extraneous aggravated robbery
offense violated the terms of appellant=s plea agreement with the State.  Appellant thus claims the admission of this
evidence violated his right to due process and the trial court erred in
refusing to allow appellant to withdraw his pleas and in denying his motion for
new trial.  We reject these complaints
because the record does not support appellant=s claim that his plea agreement was violated by the State.   








Appellant
waived the presence of a court reporter at the hearing on his pleas. Thus  the only evidence of the terms of the plea
agreement was that produced during the hearing on appellant=s
motion for new trial.  At that hearing,
appellant acknowledged that the plea agreement called for the State to dismiss
a third aggravated robbery charge in return for his guilty pleas on the
remaining charges.  Appellant further
testified, however, the State agreed not to bring up the dismissed offense or Aany
other new crime.@  Because there is no
written plea agreement and there is no record of the plea hearing, the only
evidence suggesting that the agreement regarding extraneous offenses was part
of the plea agreement comes from appellant=s testimony at the motion for new trial hearing.  As the trial court is the sole judge of the
appellant=s credibility at that hearing, we will not second guess the
trial court=s conclusion concerning the scope of the plea agreement.  See Lewis v. State, 911 S.W.2d 1, 7
(Tex. Crim. App. 1995).  

Accordingly,
appellant=s points of error are overruled.  

 

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed July
3, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]           Q: 
How many people did you actually rob?

A:  The ones
that I=m in here for.

Q:  So that=s the only ones you=re
admitting to?

A:  Those are
the only ones I did.

Q:  So you=re saying every time you committed an aggravated
robbery, you got caught?

A:  Yes.

Q:  So you weren=t involved with Jeffery Sowell when he robbed Beatrice
Hernandez?

A:  I don=t know who Beatrice Hernandez is.

[Appellant=s trial
counsel]: It=s not part of the plea bargain, Your honor.