KINDRED V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-155-CR

ROBERT CHRISTOPHER KINDRED APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. INTRODUCTION

A jury convicted Appellant Robert Christopher Kindred of aggravated robbery of an elderly person and assessed his punishment at sixty-five years’ confinement.  In two points, Kindred complains that the trial court abused its discretion when it denied his motion for continuance and again when it admitted evidence of an extraneous offense without reasonable notice.
  
We affirm. 

II. FACTUAL & PROCEDURAL BACKGROUND

In the spring of 2003, sixty-six-year-old Norman Battles became acquainted with Robert Kindred.  Battles was recovering from a hip operation and had recently returned home from a rehabilitation hospital.  Kindred began performing odd jobs for Battles, including mowing the yard and driving him to the bank.  This continued for approximately three months.  On the night of April 27, 2003, Kindred arrived at Battles’s home stating that he had left some lawn tools there.  Once inside Battles’s home, Kindred stated that he needed to use the bathroom.  When Kindred returned from the bathroom, he came from behind Battles, who was sitting in a chair, and knocked him on the head with either his fist or an unknown object.  Battles retrieved a pistol he kept in his home, but Kindred grabbed it from Battles and fired the gun as he fled from the house.  No one was shot.  Kindred stole approximately 450 dollars from Battles. 

Kindred was indicted for aggravated robbery of an elderly person on November 20, 2003, for his assault of Battles.  At the time, Kindred had another unadjudicated indictment against him for the June 4, 2003 robbery of Willie Dennis, to which Kindred had confessed.

On October 21, 2003, Kindred sent a letter entitled “Notice of Representation and Pre-Trial Motion for Discovery and Notices” to the Tarrant County District Clerk’s Office and to the Tarrant County Criminal District Attorney’s Office.  In addition to other requests, the letter requested notice of any extraneous offenses the State intended to offer into evidence.  On March 14, 2005, the State gave Kindred notice of its intent to offer evidence of an extraneous offense, namely, Kindred’s June 2003 robbery and restraint of Willie Dennis.  The State also provided Kindred with notice of its intent to proceed with the case at bar (victim: Norman Battles) rather than cause number 09070953 (victim: Willie Dennis) as it had previously planned. 

Kindred’s trial was held March 21-23, 2005.  On March 21
 Kindred filed an objection to the State’s notice of intent to use extraneous offenses, claiming that the notice was untimely.  Kindred also requested a continuance of the Battles case because of the late notice.  The trial court denied Kindred’s objection to the timeliness of the State’s notice and his request for a continuance.  

III. DISCUSSION

A. Denial of Motion for Continuance

In Kindred’s first point, he argues that the trial court improperly denied his motion for continuance.  He contends that the State’s notice of its decision to proceed on a different case only seven days before trial was untimely and caused unfair surprise.  The State maintains the trial court properly denied Kindred’s motion for continuance because he failed to establish any specific prejudice due to the lack of extra time.  

1. Standard of Review

A criminal action may be continued on the written motion of a defendant so long as sufficient cause is fully set forth in the motion. 
 Tex. Code Crim. Proc. Ann. 
art. 29.03 (Vernon 1989).  The trial court’s ruling on a motion for continuance is reviewed for an abuse of discretion. 
 Vasquez v. State
, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).  When reviewing abuse of discretion challenges, a wide degree of deference is given to the trial court.
  Id. 

2. Existence of Specific Prejudice

To establish an abuse of discretion in refusing to grant a motion for continuance,  the defendant must show that he was actually prejudiced by his counsel’s inadequate preparation time. 
 Heiselbetz v. State, 
906 S.W.2d 500, 511 (Tex. Crim. App. 1995).
  Such specific prejudice may be shown by unfair surprise, an inability to effectively cross-examine the State’s witnesses, or the inability to adduce crucial testimony that could have been given by potential witnesses.  
Dotson v. State,
 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref’d). 
 A mere statement that counsel did not have enough time to prepare an adequate defense does not demonstrate prejudice. 
Id. 

In the instant case, although Kindred alleges that the denial of his requested continuance gave his counsel inadequate time to prepare a defense, he fails to establish any specific prejudice arising from the trial court’s failure to continue the trial.  Our review of the record reveals that Kindred was not unfairly surprised as he alleges.  First, Kindred was not surprised by the facts of the case.  Not only had the State’s file been open and available to the defense, the record also shows that his defense counsel went to the District Attorney’s office and copied all of the files concerning the two alleged victims.  In addition, Kindred acknowledged that he discussed the facts of the Battles case with an investigator and with his defense counsel.  Secondly, Kindred was not surprised by any new testimony or any surprise witnesses.  Rather, the State offered the testimony of Battles, the victim of the crime.  
Kindred could reasonably anticipate that the victim of the crime would testify, and, just as this court has previously held, when a defendant is not surprised by testimony, notice is sufficient. 
 Heiselbetz
, 906 S.W.2d at 512; 
Cole v. State, 
987 S.W.2d 893, 897 (Tex. App.—Fort Worth 1998, pet. ref’d).  Lastly, 
Kindred did not provide evidence that he was unable to effectively cross-examine the State’s witnesses, nor did he establish that he would have obtained crucial testimony from potential witnesses had the continuance been granted. 

Because Kindred was unable to show that he was prejudiced by his counsel’s allegedly inadequate preparation time, we cannot hold that the trial court abused its discretion by denying Kindred’s motion for continuance. 
 See Heiselbetz, 
906 S.W.2d at 512. 
 Accordingly, we overrule Kindred’s first point. 

B. Admission of Extraneous Offense

In Kindred’s second point, he argues that the trial court improperly admitted evidence of an extraneous offense during the punishment phase because the State’s notice was untimely.  The State maintains the trial court properly admitted the evidence because Kindred’s notice request was insufficient and because seven days’ notice is sufficient and reasonable. 

1. Standard of Review
 

Extraneous offense evidence is admissible at the punishment phase of trial. 
 Tex. Code Crim. Proc. Ann. 
art
. 
37.07, § 3(a)(1) (Vernon Supp. 2005).  The decision to admit extraneous offense evidence is reviewed under an abuse of discretion standard.  
Mitchell v. State,
 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  That means the trial court’s decision will be affirmed if it is within “the zone of reasonable disagreement.”
  Salazar v. State, 
38 S.W.3d 141, 153-54 (Tex. Crim. App.), 
cert. denied,
 534 U.S. 855 (2001).

2. Sufficiency of Notice Request

The State has a duty to provide “reasonable notice” of intent to introduce certain extraneous offenses.
  Mitchell v. State,
 982 S.W.2d 425, 427 (Tex. Crim. App. 1998).  This duty is triggered only if the accused’s request is timely.  
Id.  
If the State fails to provide reasonable notice after a timely request, 
a trial court’s decision to admit evidence of an extraneous offense constitutes an abuse of discretion. 
 See Webb v. State,
 36 S.W.3d 
164, 179 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)
;
 Henderson v. State,
 
29 S.W.3d 616, 625 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d)
.
  When a document seeks trial court action and also asks the State to provide notice of its intent to offer evidence of extraneous offenses, the document is insufficient to trigger the duty of the State to provide reasonable notice without an order from the trial court
.  
Tex. Code Crim. Proc. Ann. 
art
. 
37.07, 
§ 
3(g)
; 
Mitchell,
 982 S.W.2d at 427.  For example, the State does not need to comply with a request contained in a discovery motion until the trial court orders it to do so. 
 Espinosa v. State, 
853 S.W.2d 36, 39 (Tex. Crim. App. 1993). 

Kindred’s October 21, 2003 request for notice of extraneous offense was imbedded within his pre-trial motion for discovery.  Kindred did not request that the trial court enter an order on this document.  Therefore, the letter was insufficient to trigger the duty of the State to provide reasonable notice of such intent.  Kindred’s motion was insufficient as a notice request.  
See 
Tex. Code Crim. Proc. Ann. 
art.
 
37.07, 
§ 
3(g)
; 
Mitchell,
 982 S.W.2d at 427. 

Kindred also argued the October 2003 document was a self-executing letter and therefore was sufficient to trigger a response by the State.  A “self-executing” request can be used to obtain notice of extraneous offenses, but a document cannot be both a self-executing letter and a motion.  
See
 
Simpson v. State, 
991 S.W.2d 798, 801 (Tex. Crim. App. 1998); 
Mitchell,
 982 S.W.2d at 426-27.  When determining whether a document is “self-executing” or whether it is actually a motion, the court may examine the style and substantive content of the document.  
Simpson, 
991 S.W.2d at 801.  A document styled a “motion” and addressed to the trial court will be considered a motion.  
Id.
  If a document’s substantive form is like a motion and the movant does not obtain a ruling by the trial court, it will not constitute a timely request.  
Valle v. State,
 950 S.W.2d 413, 414-15 (Tex. App.— Houston [1st Dist.] 1997, pet. ref’d)
. 

While 
the document at issue in this case
 was not directly addressed to the trial court, it was filed with the District Clerk’s Office, the filing agent for the court.  The document was styled a “motion,” and its substantive form indicated that it was a motion because it contained numerous pre-trial discovery requests in addition to the request for notice of extraneous offenses. 
 Because the document was a motion and Kindred failed to obtain a ruling by the trial court, the motion did not constitute a notice request. 
 See 
Tex. Code Crim. Proc. Ann. 
art
. 
37.07, 
§ 
3(g)
; 
Mitchell,
 982 S.W.2d at 427.  
We overrule Kindred’s second point.

IV. CONCLUSION

Having overruled both of Kindred’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.