COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-05-155-CR

 

 

ROBERT CHRISTOPHER KINDRED                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                        I. INTRODUCTION








A jury convicted Appellant
Robert Christopher Kindred of aggravated robbery of an elderly person and
assessed his punishment at sixty-five years= confinement.  In two points,
Kindred complains that the trial court abused its discretion when it denied his
motion for continuance and again when it admitted evidence of an extraneous
offense without reasonable notice.  We
affirm.

                      II. FACTUAL & PROCEDURAL BACKGROUND

In the spring of 2003,
sixty-six-year-old Norman Battles became acquainted with Robert Kindred.  Battles was recovering from a hip operation
and had recently returned home from a rehabilitation hospital.  Kindred began performing odd jobs for
Battles, including mowing the yard and driving him to the bank.  This continued for approximately three
months.  On the night of April 27, 2003,
Kindred arrived at Battles=s home stating that he had left some lawn tools there.  Once inside Battles=s home, Kindred stated that he needed to use the bathroom.  When Kindred returned from the bathroom, he
came from behind Battles, who was sitting in a chair, and knocked him on the
head with either his fist or an unknown object. 
Battles retrieved a pistol he kept in his home, but Kindred grabbed it
from Battles and fired the gun as he fled from the house.  No one was shot.  Kindred stole approximately 450 dollars from
Battles.

Kindred was indicted for
aggravated robbery of an elderly person on November 20, 2003, for his assault
of Battles.  At the time, Kindred had
another unadjudicated indictment against him for the June 4, 2003 robbery of
Willie Dennis, to which Kindred had confessed.








On October 21, 2003, Kindred
sent a letter entitled ANotice of
Representation and Pre-Trial Motion for Discovery and Notices@ to the Tarrant County District Clerk=s Office and to the Tarrant County Criminal District Attorney=s Office.  In addition to other
requests, the letter requested notice of any extraneous offenses the State intended
to offer into evidence.  On March 14,
2005, the State gave Kindred notice of its intent to offer evidence of an
extraneous offense, namely, Kindred=s June 2003 robbery and restraint of Willie Dennis.  The State also provided Kindred with notice
of its intent to proceed with the case at bar (victim: Norman Battles) rather
than cause number 09070953 (victim: Willie Dennis) as it had previously
planned.

Kindred=s trial was held March 21-23, 2005. 
On March 21 Kindred filed an objection to the State=s notice of intent to use extraneous offenses, claiming that the
notice was untimely.  Kindred also
requested a continuance of the Battles case because of the late notice.  The trial court denied Kindred=s objection to the timeliness of the State=s notice and his request for a continuance.  

                                         III. DISCUSSION

A. Denial of Motion for Continuance








In Kindred=s first point, he argues that the trial court improperly denied his
motion for continuance.  He contends that
the State=s notice of
its decision to proceed on a different case only seven days before trial was
untimely and caused unfair surprise.  The
State maintains the trial court properly denied Kindred=s motion for continuance because he failed to establish any specific
prejudice due to the lack of extra time. 


1. Standard of Review

A criminal action may be
continued on the written motion of a defendant so long as sufficient cause is
fully set forth in the motion.  Tex. Code Crim. Proc. Ann. art. 29.03
(Vernon 1989).  The trial court=s ruling on a motion for continuance is reviewed for an abuse of
discretion.  Vasquez v. State, 67
S.W.3d 229, 240 (Tex. Crim. App. 2002). 
When reviewing abuse of discretion challenges, a wide degree of
deference is given to the trial court.  Id.

2. Existence of Specific
Prejudice

To establish an abuse of
discretion in refusing to grant a motion for continuance,  the defendant must show that he was actually
prejudiced by his counsel=s inadequate
preparation time.  Heiselbetz v.
State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).  Such specific prejudice may be shown by
unfair surprise, an inability to effectively cross-examine the State=s witnesses, or the inability to adduce crucial testimony that could
have been given by potential witnesses.  Dotson
v. State, 146 S.W.3d 285, 297 (Tex. App.CFort Worth 2004, pet. ref=d).  A mere statement that
counsel did not have enough time to prepare an adequate defense does not
demonstrate prejudice. Id. 








In the instant case, although
Kindred alleges that the denial of his requested continuance gave his counsel
inadequate time to prepare a defense, he fails to establish any specific
prejudice arising from the trial court=s failure to continue the trial. 
Our review of the record reveals that Kindred was not unfairly surprised
as he alleges.  First, Kindred was not
surprised by the facts of the case.  Not
only had the State=s file been
open and available to the defense, the record also shows that his defense
counsel went to the District Attorney=s office and copied all of the files concerning the two alleged
victims.  In addition, Kindred
acknowledged that he discussed the facts of the Battles case with an
investigator and with his defense counsel. 
Secondly, Kindred was not surprised by any new testimony or any surprise
witnesses.  Rather, the State offered the
testimony of Battles, the victim of the crime. 
Kindred could reasonably anticipate that the victim of the crime would
testify, and, just as this court has previously held, when a defendant is not
surprised by testimony, notice is sufficient.  Heiselbetz, 906 S.W.2d at 512; Cole v.
State, 987 S.W.2d 893, 897 (Tex. App.CFort Worth 1998, pet. ref=d).  Lastly, Kindred did not
provide evidence that he was unable to effectively cross-examine the State=s witnesses, nor did he establish that he would have obtained crucial
testimony from potential witnesses had the continuance been granted. 








Because Kindred was unable to
show that he was prejudiced by his counsel=s allegedly inadequate preparation time, we cannot hold that the trial
court abused its discretion by denying Kindred=s motion for continuance.  See Heiselbetz, 906 S.W.2d at 512.  Accordingly, we overrule Kindred=s first point.

B. Admission of Extraneous Offense

In Kindred=s second point, he argues that the trial court improperly admitted
evidence of an extraneous offense during the punishment phase because the State=s notice was untimely.  The
State maintains the trial court properly admitted the evidence because Kindred=s notice request was insufficient and because seven days= notice is sufficient and reasonable.

1. Standard of Review

Extraneous offense evidence
is admissible at the punishment phase of trial.  Tex. Code Crim. Proc. Ann. art.
37.07, ' 3(a)(1) (Vernon Supp. 2005). 
The decision to admit extraneous offense evidence is reviewed under an
abuse of discretion standard.  Mitchell
v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  That means the trial court=s decision will be affirmed if it is within Athe zone of reasonable disagreement.@  Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App.), cert. denied, 534 U.S.
855 (2001)

2. Sufficiency of Notice
Request








The State has a duty to
provide Areasonable notice@ of intent to introduce certain extraneous offenses.  Mitchell v. State, 982 S.W.2d 425, 427
(Tex. Crim. App. 1998).  This duty is
triggered only if the accused=s request is timely.  Id.  If the State fails to provide reasonable
notice after a timely request, a trial court=s decision to admit evidence of an extraneous offense constitutes an
abuse of discretion.  See Webb v.
State, 36 S.W.3d 164, 179 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); Henderson v. State, 29 S.W.3d 616, 625 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).  When a document seeks trial
court action and also asks the State to provide notice of its intent to offer
evidence of extraneous offenses, the document is insufficient to trigger the
duty of the State to provide reasonable notice without an order from the trial
court. 
Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g); Mitchell, 982 S.W.2d at 427.  For example, the State does not need to
comply with a request contained in a discovery motion until the trial court
orders it to do so.  Espinosa v.
State, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993). 








Kindred=s October 21, 2003 request for notice of extraneous offense was
imbedded within his pre-trial motion for discovery.  Kindred did not request that the trial court
enter an order on this document.  Therefore, the letter was insufficient to
trigger the duty of the State to provide reasonable notice of such intent.  Kindred=s motion was insufficient as a notice request.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g); Mitchell, 982 S.W.2d at 427.

Kindred also argued the
October 2003 document was a self-executing letter and therefore was sufficient
to trigger a response by the State.  A Aself-executing@ request can
be used to obtain notice of extraneous offenses, but a document cannot be both
a self-executing letter and a motion.  See
Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998); Mitchell,
982 S.W.2d at 426-27.  When determining
whether a document is Aself-executing@ or whether it is actually a motion, the court may examine the style
and substantive content of the document. 
Simpson, 991 S.W.2d at 801. 
A document styled a Amotion@ and
addressed to the trial court will be considered a motion.  Id. 
If a document=s
substantive form is like a motion and the movant does not obtain a ruling by
the trial court, it will not constitute a timely request.  Valle v. State, 950 S.W.2d 413, 414-15
(Tex. App.C Houston
[1st Dist.] 1997, pet. ref=d).








While the document at issue
in this case was not directly addressed to the trial court, it was filed with
the District Clerk=s Office,
the filing agent for the court.  The
document was styled a Amotion,@ and its substantive form indicated that it was a motion because it
contained numerous pre-trial discovery requests in addition to the request for
notice of extraneous offenses.  Because
the document was a motion and Kindred failed to obtain a ruling by the trial
court, the motion did not constitute a notice request.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g); Mitchell, 982 S.W.2d at 427.  We overrule Kindred=s second point.

                                        IV.  CONCLUSION

Having overruled both of
Kindred=s points, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, LIVINGSTON,
and DAUPHINOT, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 20, 2006











[1]See Tex. R. App. P. 47.4.