COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                               NOS.  2-08-479-CR 

           2-08-480-CR

 

 

DWIGHT ROGERS JR.                                                                      APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
Dwight Rogers Jr., appeals his four convictions and consecutive life sentences
for aggravated sexual assault of a child. 
We affirm.

II. 
Factual and Procedural History








Forty-five
days before trial, Rogers filed a twelve-page document titled ADefendant=s
Motion for Discovery.@  Addressed ATo
the Honorable Judge,@ the document requests the
court to Ainstruct
the prosecutor in this case to produce@
forty-seven items for discovery, including extraneous offense evidence.  At 3:30 p.m. on the Thursday before trial,
Rogers filed another document titled AMotion
for Disclosure of Evidence of Other Crimes, Wrongs or Acts Which the State
Intends to Use in the Case-in-Chief.@  As with his previous document, this document
is addressed to the trial court, and it requests the trial court to require the
State to disclose extraneous offenses it intends to offer during its
case-in-chief.  The prosecutor received a
copy of this second document on the Friday before trial.  Over the weekend, he prepared a list of
extraneous offenses that he planned to introduce at trial and presented the
list to Rogers the Monday morning of jury selection before Rogers presented
either document to the trial court.








With
the venire waiting outside the courtroom, Rogers informed the trial court that
he would announce Anot ready@ and
move for a continuance because he had only that morning received notice of
extraneous offense evidence that the State intended to offer at
punishment.  The trial court denied the
motion for continuance.  After first informing
the venire that there would be a delay, the trial court granted Rogers an
unscheduled hearing on his motion for discovery, which Rogers referred to as an
Aomnibus
discovery motion.@[2]  The parties agreed that Rogers had received
extraneous offense notice that morning, although they disagreed whether the
notice had been timely.  After the
hearing concluded, the venire was seated, a jury was selected, and the trial
court adjourned until Wednesday.

On
Wednesday, the guilt-innocence phase commenced and lasted two days.  On Friday, the jury returned guilty verdicts
on all four counts.  During the
punishment phase the trial court admitted, over Rogers=s objections,
extraneous offense evidence for which Rogers had received notice on the Monday
morning before trial.  The jury assessed
a life sentence for each of the four convictions, and the trial court ordered
the sentences to run consecutively.

III. 
Discussion

A.  Admission of Extraneous Offense Evidence at
Punishment

In
his first point, Rogers contends that the trial court erred by admitting
extraneous offense evidence during the punishment phase because the State=s compliance
with his notice request contained within his discovery motion was
untimely.  We disagree.








Section
3(g) of Article 37.07 of the code of criminal procedure provides in relevant
part, AThe
requirement under this subsection that the attorney representing the state give
notice applies only if the defendant makes a timely request to the attorney
representing the state for the notice.@  Tex. Code Crim. Proc. Ann. art. 37.07, '
3(g) (Vernon Supp. 2009).  Rogers does
not contend that the State=s
response to his motion seeking notice filed the Thursday afternoon before trial
was untimely, but urges us to Alook
at the Motion for Discovery@
filed forty-five days before trial.  We
will, therefore, consider his point on the basis of that motion.

In Mitchell
v. State, the court of criminal appeals held that a motion containing a
request for the State to provide notice of its intent to offer evidence of
extraneous offenses does not trigger the notice requirements of section
3(g).  982 S.W.2d 425, 427 (Tex. Crim.
App. 1998).  To Ahold
otherwise,@ the
court wrote, Awould
encourage gamesmanship@ and Acould
encourage defendants to bury requests in voluminous motions, hoping the State
would either overlook it@ or believe it to be
contingent upon a court order.  Id.  Thus, the court of criminal appeals made
clear that requests for notice of the State=s
intent to offer extraneous offense evidence embedded within motions directed to
the trial court are not self-executing requests but, instead, require a trial
court=s
ruling before triggering the State=s
duty to provide notice.  See id.; see
also Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998).

It
is undisputed that Rogers sought notice of the State=s
intent to use extraneous offense evidence at punishment through a motion
directed to the trial court.  It is
addressed ATo
the Honorable Judge.@  Rogers characterized it as a motion,
referring to the twelve-page document as an Aomnibus
discovery motion.@  It asks the court to Ainstruct
the prosecutor in this case to produce@
forty-seven items of discovery, including A[e]vidence
of any extraneous offenses.@








We
hold that Rogers=s motion suffers the same
defect as Mitchell=s in that it is a motion
directed to the trial court containing an embedded request for notice, and that
it does not, therefore, trigger the State=s
duty to provide notice.  See Mitchell,
982 S.W.2d at 427.  Moreover, the State
provided notice before Rogers ever presented his motion to the trial court for
a ruling.  Accordingly, we decline to
hold that the trial court abused its discretion by admitting extraneous offense
evidence at punishment on the basis that the State=s
notice of its intent to offer that evidence was untimely.  We overrule Rogers=s
first point.

B.  Denial of Motion for Continuance

In
his second point, Rogers complains of the trial court=s
denial of his motion for continuance.








The
denial of a motion for continuance is within the discretion of the trial court
and will not be reversed on appeal unless it is shown that the trial court
abused its discretion.  Renteria v.
State, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); Janecka v. State,
937 S.W.2d 456, 468 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825
(1997).  Rogers moved for a continuance
based upon his claim that the State=s
notice of extraneous offenses it planned to offer at trial was untimely.  We have already held that the trial court
acted within its discretion to admit the extraneous offense evidence because
Rogers failed to trigger the State=s
duty to provide notice by burying his request for notice in a motion that he
did not seek a ruling on until after the State had actually provided
notice.  Similarly, we hold that it was
within the trial court=s discretion to deny Rogers
a continuance based upon a claim of untimely notice when the reason he received
notice when he did was because he failed to trigger the State=s
duty to provide it.  See Cabello v.
State, 655 S.W.2d 293, 297 (Tex. App.CCorpus
Christi 1983, no pet.) (holding that trial court did not abuse discretion by
denying continuance when defendant was not diligent in identifying and seeking
witnesses); Tucker v. State, No. 02-06-00054-CR, 2007 WL 439070,
at *4 (Tex. App.CFort Worth Feb. 8, 2007, no
pet.) (mem. op., not designated for publication) (same).  Accordingly, we overrule Rogers=s
second point.

IV. 
Conclusion

Having
overruled both of Rogers=s points, we affirm the
trial court=s
judgment.

 

PER
CURIAM

PANEL: MCCOY, J.;
LIVINGSTON, C.J.; and DAUPHINOT, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: May 20, 2010











[1]See Tex. R. App. P.
47.4.





[2]Because it is
undisputed that the State provided notice before Rogers presented his motions
to the trial court for ruling, the trial court=s rulings on the
motions are not germane to the issues presented in this case.