

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NOS. 2-08-479-CR**

**2-08-480-CR**

DWIGHT ROGERS JR.                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

# MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Dwight Rogers Jr., appeals his four convictions and consecutive life sentences for aggravated sexual assault of a child. We affirm.

## II. Factual and Procedural History

Forty-five days before trial, Rogers filed a twelve-page document titled "Defendant's Motion for Discovery." Addressed "To the Honorable Judge," the

---

[1] *See* Tex. R. App. P. 47.4.

document requests the court to "instruct the prosecutor in this case to produce" forty-seven items for discovery, including extraneous offense evidence. At 3:30 p.m. on the Thursday before trial, Rogers filed another document titled "Motion for Disclosure of Evidence of Other Crimes, Wrongs or Acts Which the State Intends to Use in the Case-in-Chief." As with his previous document, this document is addressed to the trial court, and it requests the trial court to require the State to disclose extraneous offenses it intends to offer during its case-in-chief. The prosecutor received a copy of this second document on the Friday before trial. Over the weekend, he prepared a list of extraneous offenses that he planned to introduce at trial and presented the list to Rogers the Monday morning of jury selection before Rogers presented either document to the trial court.

With the venire waiting outside the courtroom, Rogers informed the trial court that he would announce "not ready" and move for a continuance because he had only that morning received notice of extraneous offense evidence that the State intended to offer at punishment. The trial court denied the motion for continuance. After first informing the venire that there would be a delay, the trial court granted Rogers an unscheduled hearing on his motion for discovery, which Rogers referred to as an "omnibus discovery motion."[2] The parties agreed that Rogers had received extraneous offense notice that morning, although they disagreed whether the notice

_____

[2] Because it is undisputed that the State provided notice before Rogers presented his motions to the trial court for ruling, the trial court's rulings on the motions are not germane to the issues presented in this case.

had been timely.  After the hearing concluded, the venire was seated, a jury was selected, and the trial court adjourned until Wednesday.

On Wednesday, the guilt-innocence phase commenced and lasted two days. On Friday, the jury returned guilty verdicts on all four counts.  During the punishment phase the trial court admitted, over Rogers's objections, extraneous offense evidence for which Rogers had received notice on the Monday morning before trial. The jury assessed a life sentence for each of the four convictions, and the trial court ordered the sentences to run consecutively.

### III.  Discussion

### A.  Admission of Extraneous Offense Evidence at Punishment

In his first point, Rogers contends that the trial court erred by admitting extraneous offense evidence during the punishment phase because the State's compliance with his notice request contained within his discovery motion was untimely.  We disagree.

Section 3(g) of Article 37.07 of the code of criminal procedure provides in relevant part, "The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice."  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2009).  Rogers does not contend that the State's response to his motion seeking notice filed the Thursday afternoon before trial was

3

untimely, but urges us to "look at the Motion for Discovery" filed forty-five days before trial. We will, therefore, consider his point on the basis of that motion.

In *Mitchell v. State*, the court of criminal appeals held that a motion containing a request for the State to provide notice of its intent to offer evidence of extraneous offenses does not trigger the notice requirements of section 3(g). 982 S.W.2d 425, 427 (Tex. Crim. App. 1998). To "hold otherwise," the court wrote, "would encourage gamesmanship" and "could encourage defendants to bury requests in voluminous motions, hoping the State would either overlook it" or believe it to be contingent upon a court order. *Id*. Thus, the court of criminal appeals made clear that requests for notice of the State's intent to offer extraneous offense evidence embedded within motions directed to the trial court are not self-executing requests but, instead, require a trial court's ruling before triggering the State's duty to provide notice. *See id.*; *see also Simpson v. State*, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998).

It is undisputed that Rogers sought notice of the State's intent to use extraneous offense evidence at punishment through a motion directed to the trial court. It is addressed "To the Honorable Judge." Rogers characterized it as a motion, referring to the twelve-page document as an "omnibus discovery motion." It asks the court to "instruct the prosecutor in this case to produce" forty-seven items of discovery, including "[e]vidence of any extraneous offenses."

We hold that Rogers's motion suffers the same defect as Mitchell's in that it is a motion directed to the trial court containing an embedded request for notice, and

4

that it does not, therefore, trigger the State's duty to provide notice. *See Mitchell*, 982 S.W.2d at 427. Moreover, the State provided notice before Rogers ever presented his motion to the trial court for a ruling. Accordingly, we decline to hold that the trial court abused its discretion by admitting extraneous offense evidence at punishment on the basis that the State's notice of its intent to offer that evidence was untimely. We overrule Rogers's first point.

## B. Denial of Motion for Continuance

In his second point, Rogers complains of the trial court's denial of his motion for continuance.

The denial of a motion for continuance is within the discretion of the trial court and will not be reversed on appeal unless it is shown that the trial court abused its discretion. *Renteria v. State,* 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997). Rogers moved for a continuance based upon his claim that the State's notice of extraneous offenses it planned to offer at trial was untimely. We have already held that the trial court acted within its discretion to admit the extraneous offense evidence because Rogers failed to trigger the State's duty to provide notice by burying his request for notice in a motion that he did not seek a ruling on until after the State had actually provided notice. Similarly, we hold that it was within the trial court's discretion to deny Rogers a continuance based upon a claim of untimely notice when the reason he received notice when he did was because he failed to

trigger the State's duty to provide it. *See Cabello v. State*, 655 S.W.2d 293, 297 (Tex. App.—Corpus Christi 1983, no pet.) (holding that trial court did not abuse discretion by denying continuance when defendant was not diligent in identifying and seeking witnesses); *Tucker v. State*, No. 02-06-00054-CR, 2007 WL 439070, at *4 (Tex. App.—Fort Worth Feb. 8, 2007, no pet.) (mem. op., not designated for publication) (same). Accordingly, we overrule Rogers's second point.

## IV. Conclusion

Having overruled both of Rogers's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 20, 2010