

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00498-CR

ADAM J. BENITEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-432,812, Honorable John J. "Trey" McClendon, Presiding

October 22, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Adam J. Benitez appeals his conviction of burglary of a habitation with intent to commit sexual assault. His sole issue concerns whether the trial court erred in admitting into evidence five photographs taken by appellant's girlfriend who was the assault victim. The photos depicted injuries suffered by her during a prior extraneous offense for which appellant was convicted. That offense and conviction involved the kidnapping by appellant of his girlfriend. We affirm the judgment.

Appellant pled guilty in 2010 to kidnapping his girlfriend Regina Rodriguez in 2009. She also obtained a protective order against him. However, while he was serving time in prison for that offense, Rodriguez continued to maintain contact with appellant and to seek a relationship with him. When he was released on parole in 2011, Rodriguez and appellant re-established their relationship in violation of the terms of his parole. On August 31, 2011, appellant and Rodriguez argued. Appellant broke a window, entered Rodriguez' home without permission, and sexually assaulted her.

During trial, the State notified the court that it had been provided that morning with photographs taken by Rodriguez on her cell phone of injuries she received at the hands of appellant during the 2009 kidnapping. Appellant objected to the admission of those pictures on the basis that he had not seen the photographs prior to that morning. The court overruled the objection, and the photographs were admitted.

On appeal, appellant argues that he received insufficient notice from the State in violation of Texas Rule of Evidence 404(b) and the federal and state constitutions. Rule 404(b) provides that evidence of other crimes may be admissible provided that "upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." TEX. R. EVID. 404(b).

Rule of Evidence 404(b) is a rule of admissibility of evidence, and it is error to admit evidence when the State has not complied with the rule. *Hernandez v. State,* 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). However, appellant's solicitation came in the form of a motion requesting the court to order the State to "give the requested notice within thirty days after a hearing on this motion, and at least ten days prior to the

commencement of trial." It also requested that the order encompass "the discovery of all evidence that the State has that would be used to establish each prior crime, wrong or act." More importantly, the trial court never ruled on the motion, much less favorably to appellant. Such is required before the State's duty to produce or disclose is triggered. *See Mitchell v. State,* 982 S.W.2d 425*,* 427 (Tex. Crim. App. 1998) (holding that the State is not required to give notice of extraneous offenses when the court does not rule on a discovery motion); *Espinosa v. State,* 853 S.W.2d 36, 38 (Tex. Crim. App. 1993); *Rogers v. State*, No. 02-08-479-CR, 2010 Tex. App. LEXIS 3775, at *4-5 (Tex. App.—Fort Worth May 20, 2010, pet. ref'd) (mem. op.) (not designated for publication). And the same is true irrespective of whether the motion can also be read as containing a request for disclosure directed to the State. *Mitchell v. State, supra*; *Rogers v. State*, *supra*.[1] Consequently, we cannot say that the trial court erred in admitting the evidence even if prior notice of the State's intent to do so was not provided.[2]

We also mention that the State provided notice on March 1, 2012 of its intent to offer evidence of extraneous offenses related to appellant's conviction and arrest in the "cause in which, on April 15, 2010, in Cause No. 2009-425,308 in the 137th District Court of Lubbock County, Texas, the defendant was convicted of the felony offense of Kidnapping" and in the "cause in which, in Cause No. 2009-540,209, in Lubbock County, Texas, a protective order was entered that restricted this defendant from being

---

[1] This authority does not apply to a situation wherein the defendant simply directs a request to the State under Rule 404. *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998); *Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993); *Rogers v. State*, No. 02-08-479-CR, 2010 Tex. App. LEXIS 3775, at *4-5 (Tex. App.—Fort Worth May 20, 2010, pet. ref'd) (mem. op.) (not designated for publication). It applies when the request comes in the form of or is included in a motion.

[2] Though appellant also mentioned that the lack of notice violated his constitutional rights, that aspect of the issue was not briefed. He focused on the application of Rule 404(b). Thus, we need not address it. *Lilly v. State,* 365 S.W.3d 321, 326 (Tex. Crim. App. 2012).

around the victim, Regina Rodriguez."  A supplemental notice was filed on October 19, 2012 which included "[a]ny and all facts relating to the defendant's bad acts of assault against the victim, Regina Rodriguez, between the dates of 2007 – present . . . ."  This notice was in advance of the trial which commenced with opening arguments on October 23, 2012.  Appellant also acknowledged in his brief that the victim of the kidnapping testified about the circumstances of that offense and the physical violence suffered at the hands of appellant.  The pictures underlying appellant's present complaint illustrate the injury arising from the physical exertion appellant directed towards the victim.  Though visual evidence, as opposed to verbal, it can be said that the subject matter of the pictures overlapped with the subject matter of the victim's testimony.  *See McNac v. State,* 215 S.W.3d 420, 424-25 (Tex. Crim. App. 2007) (holding that harm arising from the admission of objectionable evidence is minimal when like evidence was admitted elsewhere without objection).  These circumstances lead us to also conclude that no harm resulted from the admission of the pictures assuming *arguendo* the State failed to provide appellant with reasonable prior notice of its intent to specifically offer them.

Accordingly, the judgment is affirmed.


Per Curiam


Do not publish..


4