**AFFIRMED; Opinion Filed April 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00082-CR

## JOSEPH BROWN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-53946-W**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Appellant Joseph Brown was convicted by a jury of burglary of a habitation. He pleaded

true to the indictment's two enhancement paragraphs that alleged prior felony convictions, which

enhanced the punishment range to twenty-five to ninety-nine years or life in prison. *See* TEX.

PENAL CODE ANN. § 12.42(d). The jury assessed punishment at fifty years in prison. We affirm.

### DISCUSSION

In one issue, appellant argues that the trial court committed reversible error by allowing

the State to use two uncharged offenses during the punishment phase of the trial—an October

2012 burglary of a habitation offense and a January 2013 criminal mischief offense—because

those offenses had not been timely disclosed pursuant to article 37.07, section 3(g), of the Texas

Code of Criminal Procedure. Article 37.07, section 3(g), provides in part:

> On timely request of the defendant, notice of intent to introduce evidence under
> this article shall be given in the same manner required by Rule 404(b), Texas

Rules of Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(g).

On June 3, 2013, appellant filed an omnibus pretrial motion that contained the following paragraph (paragraph sixteen) requesting the State to provide notice of extraneous offenses prior to trial:

Defendant requests notice prior to trial of any evidence of bad acts or unadjudicated offense ("*Grunsfeld*"[1] evidence") allegedly committed by the defendant, or for which he may be held criminally responsible, which the State intends to admit before the jury in the sentencing stage under the authority of Art. 37.07, Code of Criminal Procedure. Further, the defendant requests the court to hold a sub rosa hearing to the admission of any such evidence to rule upon its admissibility.

The motion concluded by asking that the trial court order the State "to produce requested items as designated above and permit the defendant to inspect, copy, photograph, and conduct any necessary tests on such items." On August 12, 2013, the State filed a notice of extraneous offenses that listed ten offenses the State intended to introduce during its case-in-chief or during punishment. At 11:15 a.m. on January 10, 2014, the State filed its first amended notice of extraneous offenses, which added an unfiled burglary of a habitation offense from Dallas County alleged to have committed on October 31, 2012. Four hours later, at 3:00 p.m. on January 10, the State filed its second amended notice of extraneous offenses, which added four more offenses. On January 13, 2014, prior to the start of voir dire, the trial court "proceed[ed] to pretrial matters" that included appellant's omnibus pretrial motion. The State did not object to

---

[1] *See Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Crim. App. 1992) (en banc).

the motion and the court granted the motion "in its entirety." The court signed the order that had been attached to the motion, which stated that the court "finds and orders as indicated under each enumerated item in said Motion." That same day, on January 13, 2014, at around 11:50[2] a.m., the State filed its third amended notice of extraneous offenses, which added a criminal mischief offense from Dallas County alleged to have been committed on January 22, 2013.

Appellant contends that the above-quoted paragraph from his omnibus pretrial motion satisfied the requirement that he make a "timely request" for article 37.07, section 3(g) evidence. As a result, the State failed to provide timely notice of the burglary and criminal mischief offenses. The omnibus pretrial motion, however, was a motion addressed to the trial court, not a notice or request to the State. A discovery motion requests the trial court's action, that is, an order from the court directing the State to produce evidence. *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998) (citing *Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993) (per curiam)). A self-operating "request" is directed to a party and instructs that party to take some action without the necessity of intervention by the court. *President v. State*, 926 S.W.2d 805, 808 (Tex. App.—Austin 1996, pet. ref'd). The court of criminal appeals has held that when, as in this case, a document seeks trial court action, it cannot also serve as a request for notice triggering the State's duty under article 37.07 of the code of criminal procedure until it is actually ruled on by the trial court. *See Mitchell*, 982 S.W.2d at 427; *see also Purves v. State*, No. 05–10–01459–CR, 2010 WL 60269, at *6 (Tex. App.—Dallas Jan. 11, 2010, pet. ref'd) (mem. op., not designated for publication); *Penny v. State*, No. 05–08–00494–CR, 2009 WL 1058742, at *7 (Tex. App.—Dallas April 21, 2009, pet. ref'd) (not designated for publication); *Ewere v. State*, No. 05–98–00409–CR, 2000 WL 19857, at *4 (Tex. App.—Dallas Jan. 13, 2000,

---

[2] The time the notice was filed is only partially visible from the copy of the document in the electronic clerk's record. The file-mark on the motion indicates that it was filed at "11:5" a.m.

pet. ref'd) (not designated for publication); *Love v. State*, Nos. 05–98–01872–CR & 05–98–01873–CR, 2000 WL 140543, at \*3 (Tex. App.—Dallas Feb. 8, 2000, pet. ref'd) (not designated for publication).

In this case, appellant's omnibus pretrial motion, although filed on June 3, 2013, was not presented to the trial court until the hearing on January 13, 2014, at which time the trial court ruled. Thus, the State had no duty to provide any notice until the trial court ruled. *See Mitchell*, 982 S.W.2d at 427; *Purves*, 2010 WL 60269, at \*6; *see also Johnson v. State*, No. 05–00–01343–CR, 2001 WL 1609403, \*2 (Tex. App.—Dallas December 18, 2001, no pet.) (not designated for publication) (when the motion was presented on day of trial and the State provided notice after motion was granted, notice on the day of trial was timely and reasonable under the circumstances). The record shows that the State's third amended notice of extraneous offenses, filed on January 13, 2014, which listed both the burglary of a habitation and criminal mischief offenses, contained a certificate of service certifying that the attorney for the State had hand-delivered a true and correct copy of the notice to appellant's counsel that same day. The notice was therefore tendered on the same day the trial court granted appellant's omnibus pretrial motion, and before the start of trial. Under these circumstances, we conclude that the notice was timely and reasonable. We overrule appellant's issue.

We affirm the judgment of conviction.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140082F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH BROWN, Appellant

No. 05-14-00082-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-53946-W.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of April, 2015.