**Jesse Britton SIMPSON, Appellant,**

v.

**The STATE of Texas.**

**No. 1277–97.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1998.

Blake Withrow, Dallas, for appellant.

Laura Greer Urbach, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON APPELLANT'S PE-TITION FOR DISCRETION-ARY REVIEW

KELLER, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and MANSFIELD, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted of indecency with a child. During trial, the State offered evidence of extraneous offenses committed by appellant against the victim. Before the trial court, the State maintained that these offenses were admissible under Article 38.37 of the Texas Code of Criminal Procedure.[1] Before the Court of Appeals, appellant contended that the evidence was inadmissible because Article 38.37 was inapplicable and because the State failed to give proper notice of the extraneous offense before trial. The Court of Appeals affirmed, holding that appellant had procedurally defaulted both claims. The court held that appellant had procedurally defaulted the claim concerning the applicability of Article 38.37 by failing to object on that basis. It held that appellant procedurally defaulted the notice claim by filing a "motion" for notice instead of a "request" and had failed to

obtain a ruling on the motion.[2] We will affirm.

## I. Applicability

■ Before the Court of Appeals appellant contended that Article 38.37 was inapplicable because the indictment was returned before the effective date of that statute.[3] Relying upon *Powell v. State*, 897 S.W.2d 307 (Tex.Crim.App.1994), appellant now contends that the effective date of a statute is a systemic requirement that is not subject to procedural default. Appellant's reliance upon *Powell* is misplaced.

In *Powell*, a majority of the court held that a defendant could not waive a jury answer to the "deliberateness" special issue by requesting the substitution of the new "anti-parties" special issue when the capital offense was committed prior to the effective date of the new statute. The lead opinion in that case was only a plurality as to the "effective date" issue: four judges joined the opinion on that issue, three judges dissented, one judge did not participate, and Judge Clinton joined with a "qualification." The plurality opinion does indeed contain expansive language that would support appellant's claims:

> The effective dates of statutes are absolute requirements, nonwaivable and nonforfeitable; criminal defendants may not in Texas legislate the law to be applied in their case.

---

1. Article 38.37 provides in relevant part:
   Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
   (1) the state of mind of the defendant and the child; and
   (2) the previous and subsequent relationship between the defendant and the child.
   Sec. 3. On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the

same manner as the state is required to give notice under Rule 404(b), Texas Rules of Criminal Evidence.

2. The Court of Appeals did not address whether the extraneous offenses were admitted pursuant to Tex.R.Crim. Evid. 404(b) or Article 38.37. Nor did that court decide whether appellant's discovery motion subsumed an Article 38.37 motion for disclosure as opposed to merely being a motion pursuant to Rule 404(b).

3. Due to its procedural default holding, the Court of Appeals had no occasion to address whether or not the statute was applicable.

*Id.* at 317. But Judge Clinton opined that the plurality's framing of the issue as whether the "effective dates of statutes are absolute requirements" was a "subtle but significant distortion of the true issue" in the case. *Id.* at 318 (Clinton, J. concurring). Judge Clinton's position was that a jury answer to the deliberateness special issue was absolutely required and unwaivable because statute prevented a defendant from waiving a jury trial in a death penalty case. Even the plurality opinion mentioned that "Article 37.071 required that a jury find, beyond a reasonable doubt, that [the defendant] committed murder with 'deliberateness' before he could be sentenced to death." *Id.* at 316. The issue, in part, "define[d] capital murder punishable by death." *Id.* Hence, without a jury's answer to that specific issue, the punishment verdict would be incomplete, and a death sentence would not be authorized.

■ But *evidentiary* statutes pose entirely different concerns. "Our system of justice is characteristically adversarial. One consequence is that many substantive and procedural features, especially most evidentiary rules, are really optional with the parties." *Lankston v. State,* 827 S.W.2d 907, 908 (Tex.Crim.App.1992). A holding that the effective dates of evidentiary statutes are unwaivable would be contrary to the very nature of evidentiary error. No one would seriously dispute that procedural default would have occurred in the present case if the State had merely offered the evidence without articulating any basis for admission and appellant had failed to lodge a valid objection. *See* Tex.R.Crim. Evid. 103(a)(1). We hold that the effective dates of evidentiary statutes are not exempt from the rules of procedural default.[4]

## II. Notice

■ Appellant also contends that the Court of Appeals erred in holding that he procedurally defaulted error because his request for notice of extraneous offense was in a motion rather than a request. He contends that the document in question constituted both a motion and a self-executing request for notice under Rule 404(b).

The document upon which appellant relies is titled "DEFENDANT'S MOTION FOR AN ORDER TO REQUIRE THE STATE TO DISCLOSE THE PRIOR ACTS OF MISCONDUCT," and provides in relevant part:

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes JESSE BRITTON SIMPSON, Defendant in the above entitled and numbered cause, and moves the Court to order the State to disclose to the Defendant in writing and in advance of trial, any and all alleged acts of extraneous misconduct of the Defendant which the State intends to offer in evidence at the guilt/innocence, rebuttal or punishment phase of this trial and for good cause, shows the following:

### I.

Article I § 10 of the Texas Constitution, as well as the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, require that the Defendant be informed of the nature and accusations against Defendant. The indictment pending does not put Defendant on notice of any alleged prior acts of misconduct, and to allow the State, without prior notice, to offer evidence as to such alleged acts of misconduct at the guilt/innocence, rebuttal or punishment stage of this trial would deprive the

---

4. Appellant does not contend, in his petition for discretionary review, that he made an objection sufficient to avoid the rules of procedural default. We need not decide, for example, whether an objection that a particular item of evidence constitutes an "extraneous offense" is sufficient to support a complaint on appeal regarding the effective date of a statutory exception to Rule 404's prohibition against character evidence. Appellant does not raise that complaint here.

Defendant of the right to be informed as to the nature of the accusations, thus denying Defendant due process and due course of law.

## II.

Although unadjudicated extraneous offenses are sometimes admissible, principles of due process guaranteed by the United States and Texas Constitutions require that Defendant not be unfairly surprised. [Citations omitted].

## III.

Defendant further requests notice of other crimes, wrongs, or acts believed by the State to be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, or some other theory related to Rule 404(b) of the Texas Rules of Criminal Evidence. Reasonable notice of intent to offer such other crimes, wrongs or acts must be given in advance of trial when requested by Defendant, and we make such request at this time. Tex.R.Crim. Evid. 404(b).

## IV.

Defendant may call the following witness:

### JESSE BRITTON SIMPSON

Defendant requests advance written notice of the State's intent to use evidence of a conviction against the named witness for impeachment under Rule 609 of the Texas Rules of Criminal Evidence.

In *Espinosa v. State,* 853 S.W.2d 36 (Tex.Crim.App.1993), we held that "when a defendant relies on a motion for discovery to request notice pursuant to Rule 404(b), it is incumbent upon him to secure a ruling on his motion in order to trigger the notice requirements of that rule." *Id.* at 39. Appellant contends that part III of his motion is in substance a request for the State to give the requisite notice. We disagree. Appellant's document is styled a "motion" and it is addressed to the trial court.[5] Appellant's document is simply a motion, not a self-executing request, for notice. Because appellant did not obtain a ruling on his motion, the notice requirements were not triggered.

The judgment of the Court of Appeals is affirmed.

MEYERS, J., filed a concurring opinion in which BAIRD and PRICE, JJ., joined.

OVERSTREET, J., concurs in the result.

MEYERS, Judge, concurring.

I join in affirming the court of appeals, but disagree with the manner in which the majority resolves this case.

Appellant presents three grounds for review. Appellant's first two grounds for review pertain to the applicability of Article 38.37 to this case. In his third ground for review, Appellant asks us to determine whether he effectively provided the State with a request for notice under Rule of Evidence 404(b), triggering the State's responsibility to give notice of its intent to present extraneous offense evidence. The document Appellant filed was a motion addressed to the trial court and not a self-executing request for notice under Rule 404(b). Appellant failed to preserve this issue for review. *Espinosa v. State,* 853 S.W.2d 36 (Tex.Crim.App.1993). The court of appeals' decision is correct and should be affirmed. *Simpson v. State,* No. 05–95–01616–CR slip. op., 1997 WL 242811 (Tex.App.—Dallas May 13, 1997) (not designated for publication).

The resolution of the third ground for review is dispositive, regardless of whether Article 38.37 applied.

---

5. We need not address whether a document styled a motion and addressed to the trial court may nevertheless be construed as a request for notice when the document contains a request explicitly directed to the State. *See Mitchell v. State,* 948 S.W.2d 62, 67–68 (Tex. App.—Fort Worth 1997, pet. granted). That issue is not before us in this case.

Article 38.37 provides that "on timely request by the defendant, the state shall give notice of the state's intent to introduce [extraneous offense evidence] in the same manner as the state is required to give notice under rule 404(b)[.]" Tex.Code Crim. Proc. Ann. art. 38.37 § 3 (Vernon Supp.1996). Because Appellant's request for notice is ineffective under Rule 404(b), it is also ineffective under Article 38.37. If, on the other hand, Article 38.37 did not apply to Appellant's trial, the extraneous offense evidence would still have been admissible under Rule 404(b), and Appellant does not contend otherwise. As such, it makes no difference whether Article 38.37 should have been applied in this case.

Since the resolution of Appellant's third ground for review is controlling, the portion of the majority opinion addressing the applicability of Article 38.37 is unnecessary. The majority's explanation that the effective dates of "evidentiary" statutes are somehow different from the effective dates for other types of statutes is not supported by authority. This notion seems to materialized out of thin air.

The court of appeals' decision is correct. This Court should have disposed of this petition for discretionary review based on the third ground for review and dismissed the first two grounds as improvidently granted.

BAIRD and PRICE, JJ., join.