# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00210-CR

**Frank Hinojosa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2001-154, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Frank Hinojosa pled guilty to possession of cocaine and true to enhancement paragraphs alleging previous convictions for burglary and robbery. A jury assessed punishment at sixteen years in prison and fined him $10,000. Hinojosa complains on appeal that the district court erred by overruling his objection to the admission of evidence of extraneous offenses because the State failed to give notice of its intention to offer this evidence despite his request for notice. We affirm the judgment.

Hinojosa requested that the State provide notice of its intent to introduce evidence of crimes, wrongs, or acts to show character conformity. This request was part four of a five-part AMotion for Discovery.@ The other four parts of the motion requested court action. Hinojosa never obtained a ruling on these requests; the record contains an unsigned proposed order. The State did not provide notice of intent to introduce evidence of extraneous acts during the punishment phase.

After Hinojosa pled guilty to possession of cocaine and true to the enhancement paragraphs, the State introduced evidence, including evidence of other offenses. New Braunfels police officer Daniel Vera testified about the arrest that led to the possession of cocaine charge which involved other violations of law. The arrest arose from a traffic stop when Vera noticed three small children jumping around in the front seat of a pickup truck that Hinojosa was driving. Hinojosa had no driver=s license, but an inquiry revealed he had an outstanding warrant from another state. Vera arrested Hinojosa for the traffic violations and, in searching him, discovered cocaine and a syringe in his pocket. After impounding the pickup truck, Vera discovered several items in the truck bed that he suspected were stolen. The court later admitted over Hinojosa=s objection copies of the judgments of Hinojosa=s previous convictions for unauthorized use of a motor vehicle, burglary of a building, robbery, and possession of cocaine.

Hinojosa complained at trial that the State failed to give him notice of its intent to introduce this evidence. The district attorney alleged that Hinojosa knew of the offenses and that the district attorney had given verbal notice to Hinojosa=s attorney that the State intended to introduce evidence of some of the offenses. The court overruled the objections and admitted the evidence.

Hinojosa complains on appeal that the district court erred by admitting evidence of extraneous offenses without the State having given notice of its intent to introduce this evidence.

To trigger the State=s obligation to provide notice of the intent to introduce evidence of reputation, character, or extraneous bad acts at the punishment phase, a defendant may either serve the State with a request for notice, or file a discovery motion requesting the court to order such notice and secure a ruling thereon. *See Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998); *see also*

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (West Supp. 2003). A request for notice filed as part of a discovery motion is considered a motion even if the section of the motion devoted to requesting notice does not itself contain a request for court action. *Mitchell*, 982 S.W.2d at 427; *Simpson v. State*, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998). A motion is inadequate, without a ruling on that motion, to preserve this issue for appeal. *See* Tex. R. App. P. 33.1; *see also Simpson*, 991 S.W.2d at 801.

Hinojosa=s request for notice was part of his AMotion for Discovery.@ The request for notice is thus considered a motion for discovery. *See id*.; *Mitchell*, 928 S.W.2d at 427. The court never ruled on the motion. There is no indication in the record that Hinojosa sent a separate request for notice directly to the State. Because the court did not rule on Hinojosa=s motion, this issue is not preserved for appeal.

We conclude that the court did not err by admitting the evidence despite the State=s failure to notify Hinojosa of its intent to introduce it. We affirm the judgment.


Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 13, 2003

Do Not Publish

3