Michael Ray MANN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–00396–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 2004.

Danny K. Easterling, Houston, TX, for appellants.

Kelly Ann Smith, Houston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Michael Ray Mann was convicted by a jury of sexual assault and sentenced to two years in the Texas Department of Criminal Justice, Institutional Division. In his sole issue on appeal, appellant claims he received ineffective assistance of counsel due to trial counsel's failure to seek an exemption from the statutorily-mandated requirement that appellant register as a sexual offender. Appellant requests that we vacate the district court's judgment and remand this cause to the trial court for a hearing to determine whether appellant should be exempt from the sex-offender registration

requirement. We decline to do so and affirm the trial court's judgment.

Article 62.02 of the Texas Code of Criminal Procedure ("Code") provides, in pertinent part, as follows:

> A person who has a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register ... with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days.

TEX.CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp.2003). The definition of "reportable conviction or adjudication" includes a conviction of sexual assault, as defined by section 22.011 of the Penal Code. *Id.* art. 62.01(5). Appellant was convicted of sexual assault. Furthermore, appellant, who was 18 years of age at the time of the offense, committed a sexually violent offense, as defined by article 62.01(6) of the Code. *See id.* art. 62.01(6) (defining "sexually violent offense" as including offense of sexual assault, as defined by section 22.011 of the Penal Code, committed by person 17 years of age or older). Because appellant committed a sexually violent offense, the duty to register exists until his death. *See id.* art. 62.12(a).

Appellant argues that because he was 18 years old at the time of the offense, he is entitled to an exemption from the registration requirement. Article 62.105 of the Code provides that a defendant who is nineteen years of age or younger can petition the court having jurisdiction over the case for an order exempting the person from registration at any time after the person's sentencing or after the person is placed on deferred adjudication community supervision. *See id.* art. 62.0105(a)-(d). A court may, but is not required, to issue an order exempting a person from registration if certain requirements, as set forth in article 62.0105, are met. *See id.* art. 62.0105(d).[1]

■ Appellant argues that because counsel is required at every critical stage in the proceedings after a formal accusation is made by indictment or information, it is reasonable to conclude that a defendant is entitled to counsel when addressing the question of a possible exemption from the sex-offender registration requirement. The State counters that appellant does not have a constitutional right to counsel with respect to requesting an exemption from the sex-offender registration requirement and that appellant was not prejudiced by his trial counsel's failure to petition for an exemption. We hold that a defendant does not have a constitutional right to counsel after sentencing for the purpose of requesting an exemption from the sex-offender registration requirement. Therefore, a defendant cannot assert a claim that his or her counsel was ineffective for failing to request such an exemption.

1. Article 62.0105 refers to article 42.017 and section 5(g) of article 42.12. Both of those provisions contain essentially the same language. Article 42.017 applies to defendants found guilty of sexual assault and states that the judge shall make an affirmative finding of fact in the judgment in a case if the judge determines that "(1) at the time of the offense, the defendant was younger than 19 years of age and the victim was at least 13 years of age; and (2) the conviction is based solely on the ages of the defendant and the victim or intended victim at the time of the offense." TEX.CODE CRIM. PROC. ANN. art. 42.017 (Vernon Supp.2003). Because of our disposition of this appeal on the ground that there is no constitutional right to counsel after sentencing to request an exemption from the sex-offender registration requirement, we need not address appellant's argument that the conviction in this case was based *solely* on the ages of appellant and his victim.

This appears to be an issue of first impression in Texas. Nonetheless, Texas courts have discussed when a criminal defendant has a constitutional right to counsel. The attachment of the constitutional right to counsel occurs at all critical stages of prosecution. *Wesbrook v. State,* 29 S.W.3d 103, 117 (Tex.Crim.App.2000). "Whether a particular part of the trial process is a 'critical stage' is determined not by whether the defendant suffered prejudice by the absence of counsel during that part of the proceedings, but rather, whether critical rights of a defendant can be lost at the stage in question." *Medley v. State,* 47 S.W.3d 17, 22 (Tex.App.-Amarillo 2000, pet. ref'd). It is well established that a criminal defendant does not have a constitutional right to counsel in a post-conviction collateral attack. *See, e.g., Winters v. The Presiding Judge of the Crim. Dist. Ct. Num. Three of Tarrant County,* 118 S.W.3d 773, 774 (Tex.Crim.App.2003) (citations omitted). There is no constitutional right to effective assistance of counsel on a writ of habeas corpus. *Ex parte Graves,* 70 S.W.3d 103, 110 (Tex.Crim.App. 2002). In short, a convicted person does not have a constitutional right to any counsel in either discretionary appeals or on writs of habeas corpus. *Id.* The court in *Graves* explained that "[t]he fact that an appeal has been provided does not automatically mean that a State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way." *Id.* at 110–11. "In sum, simply because a state provides for the possibility of a particular procedure or remedy, it does not inexorably follow that the state must also provide legal counsel to one seeking to pursue that remedy." *Id.*

With that discussion in mind, we turn to the question at hand. The Court of Criminal Appeals very recently decided in *Mitschke v. State* that although the sex-offender registration requirement is a direct consequence of an appellant's plea of guilty to indecency with a child, "it is a non-punitive measure." 129 S.W.3d 130, 136 (Tex.Crim.App.2004). Accordingly, the failure of a trial court to admonish a defendant as to the required registration as a sex offender does not render a plea involuntary. *Id.* In *Mitschke,* the court held that the failure to admonish a criminal defendant as to a direct, non-punitive consequence of his plea, specifically, the sex-offender registration requirement, does not violate due process or render a plea involuntary. *Id.* In discussing its non-punitive measure, the court compared the sex-offender registration requirement to other non-punitive, direct consequences of a plea of guilty, such as the loss for a period of years of the right to vote and the right to possess firearms. *Id.* at 135.

Because the sex-offender registration requirement is a non-punitive or "remedial and civil" direct consequence of a plea of guilty, *see id.,* or, as in this case, a conviction of sexual assault, it logically follows that the right to request an exemption from the sex-offender registration requirement post-sentencing is not a critical stage of the proceeding. Therefore, the constitutional right to counsel does not attach to a convicted defendant's request for an exemption from the sex-offender registration requirement. Thus, a convicted defendant cannot raise an ineffective assistance of counsel claim due to his or her trial counsel's failure to request an exemption from the sex-offender registration requirement.

Having overruled appellant's sole point of error, the judgment of the district court is affirmed.