*199-15*

APPEAL NO. 05-13-01137-CR

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 23 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

LUIS RODOLFO LOPEZ,                                    APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

APR 23 2015

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS,                                    APPELLEE

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ON APPEAL FROM CAUSE NUMBER F11-60773-M

IN CRIMINAL DISTRICT COURT NO. 6

DALLAS COUNTY, TEXAS

SUBMITTED BY:

LUIS RODOLFO LOPEZ, #1874821
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS        77351

## INTERESTED PARTIES

Luis Rodolfo Lopez, Appellant          Appearing pro se
Polunsky Unit
3872 Fm 350 South
Livingston, Texas          77351


Robert "Robbie" Pfeiffer,              State's Counsel
Assistant District Attorney
133 N. Riverfront Blvd.
11th Floor
Dallas, Texas  75202


Billy "Bill" Stoval,                   Appellant's Counsel
SBOT No. 24008097
Dallas, Texas


Russ Henrichs,                         Appellant Counsel
Post Office Box 190983
Dallas, Texas  75219


Judge Quay Parker, Sitting for,
Judge Jeanine Howard
Dallas County Courthouse
600 Commerce Street
Dallas, Texas  75202


State Prosecuting Attorney             State's Counsel
Post Office Box 13046
Austin, Texas  78711-3406

## TABLE OF CONTENTS

INTERESTED PARTIES ................................................... i

INDEX OF AUTHORITIES ............................................... ii

CONSTITUTIONAL AND STATURORY PROVISIONS .................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................ 1

STATEMENT OF THE CASE .......................................... 1

STATEMENT OF THE PROCEDURAL HISTORY ...................... 2

QUESTION(S) PRESENTED FOR REVIEW ............................ 2

ARGUMENT .......................................................... 2 - 5

PRAYER FOR RELIEF ................................................ 5

CERTIFICATE OF SERVICE .......................................... 6

## INDEX OF AUTHORITIES

*MATA*
~~Bone~~ v State,
226 S.W.3d 435,430 Tex.Crim.App. 2008) ........................ 3

Ex Parte Graves,
70 S.W.3d 103 (Tex.Crim.App. 2002) ............................ 4

Mann v State,
134 S.W.3d 873 (Tex. App. 14th Dist. 2004-pet. ref'd,) ...... 4

Martinez v Ryan,
132 S.Ct. 1309 (2012) .......................................... 4

Strickland v Washington,
104 S.Ct. 2052 (1984) .......................................... 4

Trevino v Thaler,
133 S.Ct. 1911 (2013) .......................................... 5

Ex Parte Varela,
45 S.W. 3d 627 (Tex.Crim.App. 2001) .......................... 3

Willaims v State,
301 S.W.3d 675 (Tex.Crim. App. 2009) ........................ 3

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS


LUIS RODOLFO LOPEZ,　　　　　　　§
　　　　　　　APPELLANT　　　　　　§
　　　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　　　§　　　　APPEAL NO. 05-13-01137-CR
　　　　　　　　　　　　　　　　　　§
THE STATE OF TEXAS,　　　　　　　§
　　　　　　　APPELLEE　　　　　　 §


APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


COMES NOW, Luis Rodolfo Lopez, the Appellant herein, and pursuant to Rule 68.3, of the Texas Rules of Appellate Procedure, timely and properly files this Petition for Discretionary Review praying for review and relief. In support thereof, Appellant would show:


STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the single issue presented herein is already settled law and that Oral Argument will not benefit the Court in setting aside the Febraury 2, 2015, decision delivered by the Fifth Court of Appeals which is appended hereto as APPENDIX A.


STATEMENT OF THE CASE

Upon a plea of not guilty, a Dallas County jury found found Appellant guilty of Continuous Sexual Abuse of a Child, a first degree felony. On August 8, 2013, the jury assessed punishment at forty-years imprisonment. Timely notice of appeas was entered of record.

-1-

## STATEMENT OF THE PROCEDURAL HISTORY

On February 2, 2015, the Dallas Court of Appeals affirmed the judgement of the trial court in an unpublished opinion styled; Lopez v State, (05-13-01137-CR). No Motion for Rehearing was prosecuted.

## QUESTION PRESENTED FOR REVIEW

WHETHER THE DALLAS COURT OF APPEALS SERIOUSLY ERRED IN FAILING TO ABATE AND REMAND APPELLANT'S APPEAL IN LIGHT OF APPELLATE COUNSEL'S FIRMLY GROUNDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM SINCE THE COURT OF APPEALS FOUND THE RECORD TOTALLY INADEQUATE TO EVALUATE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL.

The Fifth Court of Appeals has decided an important question of Constitutional law governing the Sixth Amendment right to the effective assistance of counsel that should now be settled by the Texas Court of Criminal Appeals.

## ARGUMENT

In the Court's 10 page opinion, the Dallas Court of Appeals erroneously resolved Appellant's Sixth Amendment ineffective assistance of counsel claim [against him] (see Court Opinion at page 10), even though the Court of Appeals concluded that the silent appellate record was inadequate to determine if indeed counsel ineffective.

In part, the Dallas Court of Appeals followed this Court's

-2-

guidelines announced in ~~Bone~~ MATA v State, 226 S.W.3d 425,430 (Tex. Crim. App. 2002), and Williams v State, 301 S.W.3d 675 (Tex.Crim. App. 2009), where the Court held:

> "Because the appellate record is rarely adequate to explain counsel's trial strategy, claims of ineffective assistance of counsel are better developed through an application for writ of habeas corpus."

And more pertinent to the circumstances surrounding Appellant's case, this same Court in Ex Parte Varela, 45 S.W.3d 627 (Tex.Crim.App. 2001), determined:

> "A claim of ineffective assistance of counsel is cognizable through an application for writ of habeas corpus, [even if it was raised and rejected on direct appeal]."

Accordingly, it is plain on the face of the record that the Dallas Court of Appeals abandoned Appellant and left him with no adequate remedy at law in which to pursue his claim that his trial provided ineffective assistance of counsel because Texas has no rules or procedures governing the appointment of counsel for indigent defendants seeking habeas corpus relief on ineffective assistance of counsel claims.

In this regard, Appellant should [not] be forced to abandon his claims that his trial counsel performed so dificiently that he was glaringly denied the Sixth Amendment right to the effective assistance of counsel at his criminal trial.. Standing alone, Appellant Lopez in incapable of representing himself in a complicated

-3-

habeas corpus proceedings since any allegation of ineffectiveness must be firmly founded in the record. Strickland v Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And needless to say that Appellant Lopez does not have a copy of any of his trial records that would support his claims.

Then along came Martinez v Ryan, ____ U.S. ____, 132 S.Ct. 1309, 162 L.Ed.2d 272 (2012), an Arizona[*] case decided March 20, 2012, which presents issues quite similar to those raised by Appellant in this Petition for Discretionary Review. Basically, the Supreme Court decision in Matinez v Ryan, supra determined that:

> "A criminal defendant has the Constitutional right
> to the effective assistance of counsel in his coll-
> ateral proceedings because it is his first oppor-
> tunity to raise his Sixth Amendment claim that his
> counsel was ineffective."

This is an important case because never in the history of the Supreme Court has the Court decided that a criminal defendant [is] entitled counsel in a collateral habeas corpus proceeding. Cf. Ex Parte Graves, 70 S.W.3d 103 (Tex.Crim.App. 2002), and Mann v State, 134 S.W.3d 873 (Tex. App. 14th Dist.2004 - pet. ref'd.), holding that there is no Constitutional right to counsel or the effective assistance of counsel in a postconviction writ of habeas corpus.

---

[*] Arizona appellate rules now require defendants to raise claims of ineffective assistance of counsel issues on collateral review via the State's habeas corpus procedure instead of on direct appeal.

-4-

Nearly one year after the Martinez v Ryan decision, the Supreme Court decided Trevino v Thaler, ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), a Texas case where the Supreme Court determined that the rule announced in Martinez applied to Texas cases because Texas courts have directed defendants to raise claims of ineffective assistance of counsel through the writ of habeas corpus.

Appellant strongly urges that the decisions in Martinez and Trevino apply to his case and that the Dallas Court of Appeals should never have abandoned him and left him to his own resources.

## PRAYER FOR RELIEF

Wherefore, for all the reasons stated herein, Appellant now prays that the Honorable Court of Criminal Appeals wil exercise it's discretionary authority and grant review and relief in Appellant's case.

Respectfully Submitted

*Luis Rodolfo López*
Luis Rodolfo López, #1874821
Polunsky Unit
3872 Fm 350 South
Livingston, Texas        77351

Executed: April 14, 2015.

## CERTIFICATE OF SERVICE

Service has been accomplished by forwarding a true and correct copy of Appellant's Petition for Discretionary Review, postage prepaid, via United States Postal Service, on this 14 day of April, to:

District Attorney,
Dallas County
133 N. Riverfront Blvd.
Dallas, Texas   75202

State Prosecuting Attorney
Post Office Box 13046
Austin, Texas   78711-3406

*Luis Rodolfo López*
Luis Rodolfo Lopez, Appellant

-6-

AFFIRM; and Opinion Filed February 2, 2015.



In The

**Court of Appeals
Fifth District of Texas at Dallas**

_____

No. 05-13-01137-CR
_____

**LUIS RODOLFO LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-1160773-M

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Luis Rodolfo Lopez appeals his conviction for the offense of continuous sexual abuse of a child. In two issues, appellant argues that he was denied timely discovery and due process and that his counsel rendered ineffective assistance. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of continuous sexual abuse of a child. Appellant was the stepfather of the complainant. After appellant pleaded not guilty, a jury found appellant guilty and assessed his punishment at forty years in prison.

Nine months before trial, the State gave appellant State's Notice of Extraneous Offenses providing notice of the crimes, wrongs, or acts of appellant other than the act alleged in the indictment that the State may introduce into evidence. Five days before trial, appellant filed Omnibus Pre-Trial Motions and Election, which included his request for a hearing outside the presence of the jury before the State offered any evidence of extraneous transactions, crimes, wrongs, or acts allegedly committed by appellant, or reputation testimony, and "further request[ed] notice prior to trial, pursuant to" rule of evidence 404(b)[1] and article 38.37 of the rules of criminal procedure.[2] The record reflects that the court did not rule on the Omnibus Motions.

The day before trial started, the State filed an Amended Notice of Extraneous Offenses, which included a paragraph that was not included in the State's original Notice of Extraneous Offenses giving notice that the State may introduce evidence that appellant showed the complainant adult pornographic images and that the complainant's mother saw appellant viewing child pornography and adult pornography. On the following day—the day when the trial began—the State filed an Amended Notice of Experts Who May Be Called to Testify to include "Donald Wills, from Regional Computer Forensics Laboratory, to testify to images recovered from search of Defendant's laptop" and also listed Donald Wills on the State's Amended Response to Defendant's Motion to List Witnesses.

---

[1] TEX. R. EVID. 404(b).

[2] The legislature amended article 38.37 in 2013 to delete the requirement that a defendant request notice. The amended article applies to criminal proceedings beginning on or after September 1, 2013. The prior version applies here because appellant's trial began July 30, 2013. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748–49, amended by Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 4.004, 2005 Tex. Gen. Laws 2188, 2192, amended by Act of April 7, 2011, 82nd Leg., R.S., ch. 1, § 2.08, 2011 Tex. Sess. Law Serv. 1, 6 (West) (amended 2013) (current version at TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014)). The Omnibus Motions also requested, under code of criminal procedure article 37.07, notice prior to trial and a hearing outside the jury's presence concerning evidence of bad acts or adjudicated offenses allegedly committed by appellant that the State intended to admit during the sentencing stage. See TEX. CODE CRIM. PROC. ANN. art. 37.07 (West Supp. 2014). Article 37.07 does not apply to the issue here because appellant complains of lack of timely notice during the guilt-innocence phase of trial.

Prior to swearing in the jury and before the presentation of evidence, the court conducted a sub rosa hearing concerning appellant's motion in limine regarding the timeliness of the Amended Notice of Extraneous Offenses. According to defense counsel, on the previous Saturday, defense counsel realized that he had not received information from the State concerning a search of appellant's laptop computer, and he sent a message to the prosecutor asking if she had information concerning the results of the computer search. The following day, the prosecutor responded that she had not received any information about the computer search and that she did not intend to present evidence concerning data recovered from the computer. On the day of jury selection, the prosecutor informed defense counsel that the State had received the results of the computer investigation and that pornographic images were recovered from the computer. The prosecutor provided the defense with a copy of the data recovered from the computer and an Amended Notice of Extraneous Offenses that referred to the pornographic images on the computer.

At the hearing, defense counsel argued that the Amended Notice of Extraneous Offenses was untimely because it "was given the day of Jury Selection" and involved "some real substantive issues." Defense counsel contended that, because the amended notice was untimely, he did not and would not have an opportunity to have a forensic expert investigate the computer. He requested that the Court instruct the State "not to go into *anything* regarding the computer and what was on the computer." The prosecutor responded that the complainant's testimony concerning what appellant showed her on the computer should be admissible under code of criminal procedure article 38.37. In addition, the prosecutor contended that the State did not intend to introduce the computer disk but rather intended to have the complainant testify as to what she saw on the computer and to have a forensic evaluator discuss what was on the computer "as corroboration." She contended that the appellant would not be "surprised by any of that

-3-

nformation" because defense counsel had previously had discovery materials that included forensic interview notes "where the victim herself had said that the defendant did show her these images on the computer." And she argued that, once she received the results of the forensic evaluation, she provided appellant with "the disk and everything" on the same day. After some discussion at the hearing, the prosecutor stated that, if defense counsel was asserting that the information in the amended notice about the mother seeing the pornographic images was "new information[,]" the State would agree that it would not have the complainant's mother testify concerning the pornographic images that the mother saw on the computer.

The court ruled that the State could question the complainant concerning what she saw or what appellant showed her on his computer and could have a forensic computer expert testify as to what the expert found on the computer, but that the State could not introduce images found on the computer. The court then granted appellant a running objection.

Both during the State's case in chief and on cross-examination by the defense, the complainant testified as to the sexual images that appellant showed her on a computer.[3] The State also called Don Wills, a senior forensic examiner for the Federal Bureau of Investigation, who testified that "adult pornographic movies and adult images with pornography" were recovered from appellant's computer and described the contents of those movies and images.

**NOTICE OF EXTRANEOUS OFFENSE EVIDENCE**

**Applicable Law and Standard of Review**

An extraneous offense is any act of misconduct, whether or not it resulted in prosecution, which was shown to have been committed by the accused and which is not shown in the charging instrument. *Hernandez v. State*, 817 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.]

---

[3] The defense questioned the complainant as to whether she previously stated that the images were on appellant's computer and testified at trial that the images were on her mom's computer. This issue is not before us on appeal.

1991, no pet.). We review a trial court's decision regarding the admissibility of extraneous offense evidence under an abuse of discretion standard. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). If it was within the zone of reasonable disagreement, there was no abuse of discretion and we will uphold the trial court's ruling. *Id.*

Rule 404(b) of the rules of evidence states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.[4]

Article 38.37 of the code of criminal procedure concerns admission of evidence of extraneous offenses or acts committed by a defendant against the child victim in cases alleging sexual offenses against minors. The previous version of article 38.37 of the code of criminal procedure that applies here provides, in relevant part:

> Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.
>
> Sec. 3. On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404(b), Texas Rules of Evidence.
>
> Sec. 4. This article does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law.[5]

---

[4] TEX. R. EVID. 404(b).

[5] Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748, *amended by* Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 4.004, 2005 Tex. Gen. Laws 2188, 2192 (amended 2013).

## Arguments of the Parties

Appellant argues that he was not provided with timely notice of the State's intent to use evidence of pornography from the computer. He argues that, because he was denied timely discovery of evidence on the computer, he was deprived of his ability to fully prepare for trial and due process. He contends that he did not have sufficient time to employ his own expert and conduct a professional analysis of the computer evidence.

The State argues—among other arguments—that, even if the State provided untimely notice of its intent to use extraneous offense evidence, the trial court did not err in admitting the evidence because appellant's "embedded request for notice" within the Omnibus Motions did not "trigger the State's duty to provide notice." The State maintains that the court must have ruled on the motion before the State had a duty to produce or disclose.

## Analysis

We agree with the State.[6] Rule of evidence 404(b) requires the State to give reasonable notice in advance of trial of its intent to introduce evidence of extraneous offenses in the State's case in chief "upon timely request by the accused in a criminal case[.]" TEX. R. EVID. 404(b). Similarly, the previous version of article 38.37 of the code of criminal procedure requires the State to give the defendant notice of its intent to introduce evidence of extraneous offenses as provided in that article "[o]n timely request by the defendant[.]"[7] When a defendant includes his request for notice within a motion that requests the court to enter an order, the filing of the motion alone is insufficient to trigger the duty to provide notice. *See Simpson v. State*, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998); *Espinosa v. State*, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993) (per curiam) (concluding "the State need not comply with requests contained in a

---

[6] Given our disposition of this issue, we do not address the State's other arguments, including its contention that appellant waived error.

[7] Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748, *amended by* Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 4.004, 2005 Tex. Gen. Laws 2188, 2192 (amended 2013).

discovery motion until the trial court orders it to do so"); *see also Simpson v. State*, 991 S.W.2d at 802 (Meyers, J., joined by Baird and Price, J.J., concurring) ("Because Appellant's request for notice is ineffective under Rule 404(b), it is also ineffective under Article 38.37."); *Samora v. State*, No. 13-09-00587-CR, 2010 WL 3279536, at *8 (Tex. App.—Corpus Christi Aug. 19, 2010, no pet.) (mem. op., not designated for publication) ("Samora's failure to make a specific request to the trial court under article 38.37, and his failure to obtain a ruling on such a request, waives the article 38.37 notice requirement."). When a defendant states his request for notice in a motion to the court, the duty of the State to provide notice is triggered only when the defendant obtains a ruling on the motion. *See Simpson*, 991 S.W.2d at 801; *Espinosa*, 853 S.W.2d at 39.

In this case, appellant filed a document entitled Omnibus Pre-Trial Motions and Election that included his request that the trial court order the State to provide notice prior to trial of its intent to introduce evidence of extraneous offenses pursuant to rule of evidence 404(b) and code of criminal procedure article 38.37. The record does not reflect that the court ruled on the motion. Because appellant did not obtain a ruling on the motion, the notice requirements were not triggered.

In addition, appellant does not provide arguments or legal authorities to support his assertion that he was deprived of due process.[8] As a result, we conclude that he has not sufficiently presented his contention that he was deprived of due process for appellate review. *See* TEX. R. APP. P. 38.1(i).

We overrule appellant's first issue.

---

[8] Appellant's brief includes a quote that discusses the general principle of due process, but he does not indicate the source of that quote or indicate how that quote applies to the facts of this case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant argues that he was denied effective assistance of counsel based on (1) his counsel's failure to file a motion to suppress evidence concerning pornographic materials on appellant's computer[9] and (2) his counsel's failure to file a motion for the trial court to identify the State's outcry witness.

### Applicable Law and Standard of Review

To prevail on his claim of ineffective assistance of counsel, appellant must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Appellant has the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A claim of ineffective assistance must be "firmly founded in the record" and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson*, 9 S.W.3d at 813).

Our review of an attorney's performance must be highly deferential. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). We apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* Generally, a silent record that provides no explanation for counsel's actions will not overcome this strong presumption of reasonable professional assistance. *Rylander*, 101 S.W.3d at 110–11.

---

[9] Appellant states that this evidence concerning his computer was presented at the punishment phase. It was presented during the guilt-innocence stage.

–8–

## Arguments of the Parties

Appellant argues that his counsel was deficient in not investigating, filing, and presenting a motion to suppress the testimony of an expert from the Federal Bureau of Investigation regarding the recovery of pornographic materials from appellant's computer. In addition, appellant argues that his attorney failed to file a motion for the court to identify the State's outcry witness. Appellant contends that, after the State designated three outcry witnesses, the court permitted a fourth witness—Melissa Dobbins, a therapist with the Dallas Children's Advocacy Center—to testify "as though she w[as] a designated outcry witness." Appellant contends that Dobbins's testimony "went beyond the parameters of therapy" and included damaging hearsay evidence that was "clearly bolstering" and "served only to corroborate" the complainant's testimony, and that his counsel did not object to the "damaging hearsay presentation." Appellant also argues that his counsel permitted testimony of extraneous offenses—namely, the complainant's testimony concerning alleged sexual acts that appellant did to the complainant over a number of years—to go before the jury without making an objection.

The State argues that the record does not demonstrate ineffective assistance by appellant's trial counsel.

## Discussion

Appellant did not raise his claim that his counsel was ineffective in the trial court by a motion for new trial[10] or introduce any evidence concerning his counsel's rationale or reasoning for not filing a motion to suppress or a motion to identify the State's outcry witness or for not objecting to certain testimony. A silent record provides no explanation for counsel's actions and, as a result, the record on direct appeal is usually not sufficient to establish that counsel's representation was so lacking and deficient in strategic or tactical decisionmaking to overcome

---

[10] Appellant submitted a motion for new trial solely on the grounds that the verdict was contrary to the law and the evidence.

the presumption that counsel's conduct was reasonable and professional. *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008); *Rylander*, 101 S.W.3d at 110–11. In addition, counsel should ordinarily be given an opportunity to explain his actions before being denounced as ineffective. *Rylander*, 101 S.W.3d at 111. Because the trial court record is silent as to the reasons for the actions of appellant's attorney, we cannot conclude that the record firmly demonstrates that the attorney's performance fell below an objective standard of reasonableness. *See Goodspeed*, 187 S.W.3d at 392 (stating that appellate courts ordinarily will not conclude counsel's performance was deficient without a record demonstrating that counsel had the opportunity to explain his actions). We resolve appellant's second issue against him.

## CONCLUSION

We affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


Do Not Publish
Tex. R. App. P. 47.2(b)

131137F.U05

—10—



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LUIS RODOLFO LOPEZ, Appellant

No. 05-13-01137-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1160773-M.
Opinion delivered by Justice Lang-Miers, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of February, 2015.